IN the INTEREST OF: S.L.L., S.L.L., B.T.C., C.J.C., and J.D.C., children under seventeen years of age.

Greene County Juvenile Office, Petitioner-Respondent,

v.

S.M.H., Respondent-Appellant.

Nos. SD 34754, 34762, 34763, 34764 & 34765

Missouri Court of Appeals, Southern District, **Division Two.**

Filed: May 11, 2017

Attorney for Appellant—John E. Kelly of Springfield, MO.

Attorney for Respondent Greene County Juvenile Office—Paul Shackelford of Springfield, MO.

Attorney for Respondent Missouri Children's Division—Jon Thomas Wagner of Springfield, MO.

Attorney for Minor Children—Monica R. Whitt of Springfield, MO.

Nancy Steffen Rahmeyer, J.

██ S.M.H. ("Mother"), the mother of five children, brings an appeal from the termination of her parental rights. The trial court terminated Mother's parental rights on the ground of neglect pursuant to section 211.447.5(2), failure to rectify pursuant to section 211.447.5(3), and on the ground of parental unfitness pursuant to section 211.447.5(6)(a), and further found the termination was in the children's best interest.[1] Mother brings five points claiming error in the trial court's findings on the grounds of neglect and failure to rectify, but she does not challenge the trial court findings concerning parental unfitness. If an appellant fails to challenge each of the termination grounds found by the trial court as set forth in the judgment, it is unnecessary for the appellate court to address the specific ground for termination challenged by the appellant. *In re T.R.W.*, 317 S.W.3d 167, 170 (Mo. App. S.D. 2010). As such, the finding regarding Mother's parental unfitness is affirmed. We will not address Mother's five points; however, Mother also challenges that the terminations are in the children's best interest. We will address the finding that the terminations are in the best interest of the children.

██ We review the trial court's finding for an abuse of discretion. *In re F.C.*, 211 S.W.3d 680, 684 (Mo. App. S.D. 2007). We will find an abuse of discretion only

---

1. All references to statutes are to RSMo 2016.

when a trial court's ruling is so "arbitrary, unreasonable, and against the logic of the circumstances that it shocks the sense of justice and indicates a lack of careful consideration." *Id.* The determination of what is in the children's best interest is an ultimate conclusion for the trial court based upon the totality of the circumstances. *In re S.Y.B.G.*, 443 S.W.3d 56, 66 (Mo. App. E.D. 2014). Pursuant to section 211.447.7, the court is directed to evaluate the following seven factors when considering whether termination of parental rights is in the children's best interest:

(1) The emotional ties to the birth parent;

(2) The extent to which the parent has maintained regular visitation or other contact with the child;

(3) The extent of payment by the parent for the cost of care and maintenance of the child when financially able to do so including the time that the child is in the custody of the division or other child-placing agency;

(4) Whether additional services would be likely to bring about lasting parental adjustment enabling a return of the child to the parent within an ascertainable period of time;

(5) The parent's disinterest in or lack of commitment to the child;

(6) The conviction of the parent of a felony offense that the court finds is of such a nature that the child will be deprived of a stable home for a period of years; provided, however, that incarceration in and of itself shall not be grounds for termination of parental rights;

(7) Deliberate acts of the parent or acts of another of which the parent knew or should have known that subjects the child to a substantial risk of physical or mental harm.

As to the first factor, there are five children that are the subject of this appeal.

All of those children have a different relationship with their mother. Two of the children are in their teens and have the closest attachment to their mother. Despite an emotional attachment, because of the severe sexual and emotional abuse, neither of the children want to live with Mother. Although one of the children would be "sad," she would also be relieved. Both children claimed Mother was told of and knew of the sexual abuse they were suffering and ignored, at best, or colluded and participated in the abuse with the abuser. The three younger children also suffered sexual and emotional abuse from Mother and their father. All three have had considerable counseling and none of them wants to live with Mother as they feel they cannot trust her and do not feel safe. The trial court's findings concerning the lack of an emotional bond are not arbitrary, unreasonable or against the logic of the circumstances.

Likewise, no other factors weigh in Mother's favor. She failed to make payment for the care of the children, there were no additional services likely to bring about lasting parental adjustment enabling the return of the children to Mother, and the acts of abuse and neglect were acts which Mother knew or should have known subjected the children to a substantial risk of physical or mental harm. The younger children have an opportunity for a more stable and permanent home. The trial court did not abuse its discretion in finding that termination was in the best interests of the children. Mother's sixth point is denied.

The judgment is affirmed.

Gary W. Lynch, P.J.—Concurs

William W. Francis, Jr., J.—Concurs