

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| IN THE INTEREST OF: P.W.W., JR., a child under seventeen years of age. | ) ) ) ) | |
| GREENE COUNTY JUVENILE OFFICE, | ) ) | |
| Petitioner-Respondent, | ) ) | |
| vs. | ) ) | No. SD36538 |
| L.J.W., | ) ) | **Filed:**  June 4, 2020 |
| Respondent-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Robert Liston, Senior Judge

**AFFIRMED**

L.J.W. ("Mother"), the mother of P.W.W., Jr. ("Child"), brings this appeal from the termination of her parental rights; she claims that it is not in the best interest of Child for her rights to be terminated.  We find no error and affirm the judgment.

Child came into care as an infant because of Mother's homelessness, her mental health issues that had never been addressed and the lack of funds to raise Child.  Mother had her parental rights terminated to two other children for the same reasons that Child

was brought into care. After Child was brought into care, Mother had a treatment plan in which she was to have a psychological assessment, attend parenting classes, attend visits with Child, provide suitable housing and provide financial support. Mother did not successfully complete the plan and does not complain in this appeal about the statutory grounds supporting termination. She only appeals the finding it is in the best interest of Child that Mother's rights be terminated.

We review the determination that it is in the best interest of Child to have Mother's parental rights terminated for an abuse of discretion. *In Interest of S.L.L.*, 518 S.W.3d 897, 898-99 (Mo.App. S.D. 2017). It is an abuse of discretion only when the trial court's ruling is "so arbitrary, unreasonable, illogical and ill-considered that it shocks the sense of justice and indicates a lack of careful consideration." *In Interest of Z.L.G.*, 531 S.W.3d 653, 660 (Mo.App. S.D. 2017). We find the decision is none of those.

The trial court was obligated to make findings on seven factors under section 211.447.7, RSMo Cum.Supp. 2018. The court found:

(1) There are no emotional ties between Child and Mother.

(2) Mother did not maintain regular visitation.

(3) Mother did not provide financial or in-kind support for Child except for some token items at visits.

(4) There are no additional services the agency can provide to Mother.

(5) Mother had not demonstrated any commitment or interest in Child.

(6) Mother did not have any felony convictions of such a nature to deprive Child of a stable home.

(7) There were not deliberate acts of Mother or another that subjected Child to a

2

substantial risk of physical or mental harm.

Additionally, the court noted that due to Mother's neglect, unwillingness to participate in services, untreated mental conditions, and inability to provide for Child's needs, Mother failed to rectify the conditions that led to the removal of Child. Further, the continuation of the parent-child relationship greatly diminished Child's prospects for early integration into a stable and permanent home.

All of these findings were amply supported by the evidence at trial. Although Mother had obtained housing approximately eight months prior to trial,[1] Mother had been homeless for years and still did not have the means to provide for Child at the time of trial. When she attended parenting classes, she continued to struggle with parenting skills. She was argumentative and disruptive in the classes. During supervised visits, she had to be reminded how to feed Child and change Child's diapers. Mother missed many of the visits with Child and was not prepared for them. She brought moldy baby bottles to the visits at least ten times and tried to feed Child expired formula or expired cereal numerous times. Mother's psychological evaluation indicated mental health issues that need long-term treatment, which Mother was not willing to address. The psychologist reported that Mother was insensitive to the negative impact her behaviors have on other people and that put Child at risk of harm or at risk for lack of care.

The finding that it is in the best interest of Child to terminate Mother's parental rights was not an abuse of discretion. The point is denied; the judgment is affirmed.

---

[1] The trial took place in December 2019. Monique Hyden, a foster care manager through Springfield Partners, testified that Mother obtained housing in May 2019, through the Shelter Plus program, and had maintained that housing as of the time of trial. As long as Mother engaged in services through Burrell and qualified for services, the Shelter Plus program continued to help pay the rent and utilities at that home. Ms. Hyden had completed a home visit at that residence; the home met minimal standards and would be appropriate for Child. Aside from obtaining housing, however, Mother had not made progress.

Nancy Steffen Rahmeyer, J. – Opinion Author

Gary W. Lynch, P.J. – Concurs

William W. Francis, Jr., J. – Concurs