

# Missouri Court of Appeals
### Southern District

In Division

| | |
|---|---|
| IN THE INTEREST OF S.L.C., Greene County Juvenile Office, | ) ) ) |
| Respondent, | ) ) No. SD37952 |
| vs. | ) ) FILED: September 28, 2023 |
| M.A.C., | ) ) |
| Appellant. | ) |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Joseph W. Schoeberl, Judge

**AFFIRMED**

M.A.C. ("Father") appeals the circuit court's judgment, which terminated his parental rights over S.L.C. ("Child") on findings of neglect, *see* section 211.447.5(2), failure to rectify, *see* section 211.447.5(3), and that termination was in Child's best interest, *see* section 211.447.6.[1] Father presents two points on appeal, asserting that the circuit court (1) erred in finding that there were grounds to terminate Father's parental rights and (2) erred in finding termination was in Child's best interest. Finding no merit in Father's points, we affirm the judgment.

---

[1] All statutory references are to RSMo Cum.Supp. 2021.

## Applicable Principles of Review

"This Court will affirm the trial court's decision to terminate parental rights unless the 'record contains no substantial evidence to support the decision, the decision is against the weight of the evidence, or the trial court erroneously declares or applies the law.'" *In re S.M.H.*, 160 S.W.3d 355, 362 (Mo. banc 2005) (quoting *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

Section 211.447.6 governs the termination of parental rights by way of a two-step procedure. In the first step, there must be clear, cogent, and convincing evidence that one or more statutory ground for termination exists. *Int. of K.A.M.L.*, 644 S.W.3d 14, 20 (Mo.App. 2022). "Clear, cogent, and convincing evidence is evidence that instantly tilts the scales in favor of termination when weighed against the evidence in opposition and the finder of fact is left with the abiding conviction that the evidence is true." *In re S.M.H.*, 160 S.W.3d at 362.

If the first step is satisfied, the second step requires that there be a preponderance of the evidence that termination is in the best interest of the child involved. *Int. of K.A.M.L.*, 644 S.W.3d at 20. On that question, the standard of review is for an abuse of discretion. *Id.* "A trial court abuses its discretion when a ruling is clearly against the logic of the circumstances then before it and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *In Interest of J.P.B.*, 509 S.W.3d 84, 96 (Mo. banc 2017) (internal quotation marks omitted).

Any conflicting evidence is viewed in the light most favorable to the judgment of the circuit court, *In re A.S.W.*, 137 S.W.3d 448, 452–53 (Mo. banc 2004), and we defer to the circuit court's assessments of witness credibility. *In re C.F.C.*, 156 S.W.3d 422, 426 (Mo.App. 2005). It is appellant's burden to show circuit court error, and we will affirm unless appellant meets that

2

burden.  *Matter of M.L.T.*, 468 S.W.3d 377, 381 (Mo.App. 2015).

## The Judgment

On March 30, 2021, the circuit court placed Child into temporary legal custody with the

Division of the Department of Social Services ("Children's Division").  A petition and a hearing

to terminate Father's parental rights, held on November 22, 2022, ultimately followed.

### *The Grounds for Termination*

In its judgment, the circuit court found that there was clear, cogent, and convincing

evidence that Child had been neglected under section 211.447.5(2)(a)-(d).  Specifically, the

circuit court found that there was evidence applicable to factors (b) and (d) and made findings

addressing each.  As to factor (b) (whether the parent has a chemical dependency preventing the

parent from providing the child care, custody, and control), the circuit court found:

> The father suffers from such a chemical dependency.  The father testified at the
> termination of parental rights trial that he was addicted to marijuana.  As part of
> the father's treatment plan, the father was ordered to participate in random
> toxicology screening.  Throughout the pendency of the underlying abuse and
> neglect case, the father tested positive for marijuana on multiple occasions, he
> failed to call TOMO on a daily basis, and regularly failed to submit to toxicology
> screening although directed to do so.  The father also failed to adequately comply
> with substance abuse treatment as directed by the family support team.  The father
> has been found guilty of driving while intoxicated.

As to factor (d) (whether the parent has failed to provide for the needs of a child), the circuit

court found:

> The father so neglected the minor child.  The father has not provided consistent
> financial or in-kind support for the child.  The father is able to provide at least
> minimal support for the child but has chosen not to.  The father was authorized to
> participate in supervised visitation with the child but routinely missed these visits
> or arrived late.  Visitation never progressed past supervised visitation[.]
>
> The father claimed to be employed but has failed to provide the case manager
> with any documentation and did not present any evidence of employment.  The
> father claimed to be paying child support for the child, but he did not provide any

3

documentation to the case manager and presented no evidence to support that assertion.

The father failed to maintain suitable housing for the child from the time the child was placed in protective custody on March 30, 2021[,] to the date of the termination of parental rights trial. The father testified at the termination of parental rights trial that his living situation was not appropriate for the child. He described living with his girlfriend in the bedroom of a home owned by an elderly woman and that the home was littered with animal feces from two dogs, including a pitbull, and five cats that reside in the home.

The father was found guilty of the felony of domestic assault in the second degree on September 16, 2021, in case number 20CT-CR01131-01. The father still resides with the victim in that case. Prior to disposition of that case and while the child was under the jurisdiction of this Court, a warrant was pending for the father's arrest, because he violated the conditions of his release by fleeing the state and cutting off his GPS ankle monitor.

The circuit court found no evidence applicable to either of the remaining neglect factors (a) and (c) (whether the parent has a mental condition affecting parenting and whether the parent has committed or knew of acts of physical, emotional, or sexual abuse against the child or another).

In addition to neglect, the circuit court found that there was clear, cogent, and convincing evidence of a second ground for termination—Father's failure to rectify the conditions that led to the circuit court's assumption of jurisdiction under section 211.447.5(3)(a)-(d). The circuit court found:

The minor child has been under the jurisdiction of the Court for more than one year and the conditions that led to the assumption of jurisdiction or conditions of a potentially harmful nature continue to exist and there is little likelihood that those conditions can be remedied at an early date so that the child could be returned to the . . . father in the near future. Those conditions include: continuing neglect by the father, the father's continued untreated substance abuse, and the inability of the father to provide the child with appropriate care and parenting. Continuation of the parent-child relationship greatly diminishes the child's prospects for early integration into a stable and permanent home.

4

The circuit court further found that there was evidence applicable to factors (a), (b), and (d) and made findings addressing each. As to factor (a) (whether the parent has made progress with a social service plan) the circuit court found:

> The evidence presented was that the father was subject to a court ordered treatment plan. The father failed to make sufficient progress in treatment, he still uses marijuana, he has not demonstrated the ability to financially support his child as he has not been employed for the majority of the pendency of the case, and he does not have stable or suitable housing.

As to factor (b) (the success or failure of the Children's Division to aid the parent), the circuit court found:

> The evidence presented was that the father was referred to numerous services to help him regain custody of the minor child. However, the father has failed to make sufficient progress in treatment, he has failed to show that he has appropriate protective capacities with regards to the minor child. There are no additional services that would realistically enable the child to return to his care within a reasonable period of time.

And as to factor (d) (whether the parent has a chemical dependency preventing the parent from providing the child care, custody, and control), the circuit court's findings were mostly identical to its findings addressing the neglect chemical dependency factor, *supra*. The circuit court found no evidence applicable to the remaining failure-to-rectify factor (c) (whether the parent has a mental condition affecting parenting).

### The Best Interest Determination

The circuit court also found that there was a preponderance of evidence that termination of Father's parental rights was in Child's best interest under section 211.447.7(1)-(7). The circuit court found that there was evidence applicable to factors (1)-(5) and made findings addressing each. As to factor (1) (the child's emotional ties to the parent), the circuit court found: "The evidence presented established that the child does not have healthy emotional bonds

to the father. The evidence shows that while the child loves the father, she does not want to live with him." As to factor (2) (the parent's contact or visitation with the child), the circuit court found: "The father has not consistently visited the child. The sporadic contact with the child has had a negative emotional impact on the child." As to factor (3) (the parent's provision of support for the child), the circuit court found: "The evidence presented was that the father has not provided any financial support for the child since the child came into care." As to factor (4) (whether additional services would enable the return of the child to the parent), the circuit court found: "The evidence presented established that no additional services can be provided to the father that would allow the child to be reunified with him within an ascertainable period of time." And as to factor (5) (the parent's interest or commitment to the child), the circuit court found: "The father demonstrated a disinterest in or lack of commitment to the child by failing to provide financial support for the child, failing to visit the child and by failing to contact the child." The circuit court found no evidence applicable to the remaining best interest factors (6) and (7) (whether the parent has been incarcerated on a felony conviction and whether the parent engaged in or knew of deliberate acts placing the child at substantial risk of physical or mental harm).

## Discussion

### *Point 1*

Father's first point is focused on the failure-to-rectify factor (b), which specifically requires findings on "[t]he success or failure of the efforts of the juvenile officer, the division, or other agency to aid the parent on a continuing basis in adjusting his circumstances or conduct to provide a proper home for the child[.]" Section 211.447.5(3)(b). Father asserts that the circuit court's finding that the Children's Division "aided the father on a continuing basis to change his

6

circumstances" was "against the weight of the evidence" and that finding "so tainted the judgment as to require remand because all of the evidence of services provided to the father was from the last two and one-half months prior to the termination of parental rights trial." In his argument, Father, citing *Houston v. Crider*, 317 S.W.3d 178 (Mo.App. 2010), sets out and attempts to utilize the analytical framework for a not-supported-by-substantial-evidence challenge. Father's challenge is without merit for several reasons.

The first problem with Father's challenge is its narrow focus on a *single* failure to rectify factor. "These factors are not separate grounds for termination by themselves, but rather categories of evidence that the court may consider along with all other relevant evidence in determining whether grounds for termination exist under section 211.447.5(3)." *Interest of A.O.B.*, 666 S.W.3d 295, 301 (Mo.App. 2023) (internal quotation marks omitted). Upon considering these factors, the circuit court found, at a minimum, that factors (a), (b), and (d) favored termination. "Even though a court must make findings on all four factors, evidence supporting just one factor is sufficient to terminate parental rights." *Id.* (internal quotation marks omitted).

Additionally, Father's point and supporting argument, which comprise his only challenge addressing a ground for terminating his parental rights, fails directly to address that his parental rights were terminated on *another* ground entirely, i.e., neglect. "If an appellant fails to challenge each of the termination grounds found by the trial court as set forth in the judgment, it is unnecessary for the appellate court to address the specific ground for termination challenged by the appellant." *In Interest of S.L.L.*, 518 S.W.3d 897, 898 (Mo.App. 2017).

Father also conflates or fails to distinguish between the two evidence-based legal claims provided by our standard of review. While Father contends, in his point relied on, that the circuit

7

court's challenged finding was "against the weight of the evidence," he attempts to proffer a not-supported-by-substantial-evidence analysis in his supporting argument. These are distinct legal claims. *J.A.R. v. D.G.R.*, 426 S.W.3d 624, 630 n.10 (Mo. banc 2014). As a result, the analysis provided by Father in his supporting argument is outside the scope of the challenge he raised in his point relied on. "Arguments raised only in the argument portion of the brief and not included in the point relied on are not preserved for appeal." *In re K.M.C., III*, 223 S.W.3d 916, 926 n.5 (Mo.App. 2007).

*Ex gratia* review of Father's argument reveals that it fails regardless. In his argument, Father acknowledges his failure to challenge the other factors and statutory ground supporting termination. But Father claims, "[u]ltimately the goal is to address all those issues through the court ordered treatment plan through the efforts of the parent with the aid of services through Children's Division" and he "was not given that opportunity due to the failure of the Greene County Children's Division to provide him with adequate services for nearly one year prior to the termination hearing."

As an initial matter, Father's argument conceptually fails in light of applicable law. "[E]ven the absence of treatment or services is no defense to a termination proceeding." *Matter of M.M.*, 973 S.W.2d 165, 170 (Mo.App. 1998).[2]

But Father's argument also factually fails in that Father misconstrues the record. At trial,

---

[2] Father notes and is generally correct that when a parent is assigned a social service plan, "[t]he Children's Division and related agencies must provide reasonable, continuing, and diligent efforts to assist the parent." *Int. of D.L.P.*, 638 S.W.3d 82, 92 (Mo.App. 2021). *D.L.P.*, however, does not stand for the proposition that the Children's Division is required to provide particular services or a certain set amount of services in order to meet its duty of assisting the parent. Rather, the parent in *D.L.P.* failed to complete counseling required by her social service plan and the uncontroverted evidence revealed that the parent's failure "was solely the fault of the Children's Division" because counseling was abruptly stopped when funds and authorization became "difficult." *Id.* at 93. These facts are not comparable to the instant case and render *D.L.P.* inapposite.

Elizabeth Conrad and Kaitlyn Rice, Children's Division employees, provided testimony. Conrad acted as case manager from November of 2021 until Rice took over in September of 2022. Including the services provided by Rice, the record reveals that Father received drug testing and parent aide services, as well as referrals for the Good Dads program, a psychological evaluation, parenting classes, individual counseling, and anger management classes. Father asserts in his point that "all of the evidence of services" came from Rice in the two and one-half months prior to the November 2022 hearing. But Father concedes in his argument that Conrad at least set up the random urinary analyses and parent aide services during her assignment.

Father's failure to engage in the assigned random urinary analyses, in particular, was extensive. Father participated in only seven out of fifty-two drug tests. Each time he did participate, he tested positive for marijuana. One such positive marijuana test result occurred on November 17, 2022, only five days before the termination hearing. Rice testified that when a parent is in recovery, any substance is prohibited, because the substance interferes with the parent's ability to make rational decisions regarding the well-being of the child. Father's behavior demonstrates, at a minimum, that Father was not assimilating the services provided by Conrad and by Rice to address such chemical dependency. When a parent refuses "to cooperate with and fail[s] to progress in services offered, the court may find that additional services would be useless." *In re R.A.*, 913 S.W.2d 142, 146 (Mo.App. 1996).

For all of the foregoing reasons, point 1 is denied.

### *Point 2*

Father's second point challenges the circuit court's best interest determination. Father's argument addresses each of the seven best interest factors individually, and Father specifically takes issue with the circuit court's findings addressing factors (3) ("[t]he extent of payment by

9

the parent for the cost of care and maintenance of the child when financially able to do so including the time that the child is in the custody of the division or other child-placing agency") and (4) ("[w]hether additional services would be likely to bring about lasting parental adjustment enabling a return of the child to the parent within an ascertainable period of time"). Section 211.447.7(3) and (4).

We note that "[t]here is no requirement, statutory or otherwise, that all seven of these factors must be negated before termination can take place; likewise, there is no minimum number of negative factors necessary for termination." *In re C.A.M.*, 282 S.W.3d 398, 409 (Mo.App. 2009). Determining a child's best interest "is a subjective assessment based on *the totality of the circumstances*." *Id.* (emphasis added).

But here, Father premises his argument on *only* the two aforementioned factors (3) and (4) and associated circumstances. As to factor (3), the circuit court found that "[t]he evidence presented was that the father has not provided any financial support for the child since the child came into care." Father argues that there was evidence before the circuit court that he made child support payments and, at visitations, provided Child with in-kind support. However, as to the existence of any child support payment, Rice testified that Father self-reported that he was behind in his child support payments but never provided documentation of payments. Although Father testified that "if I'm behind it's only a couple months[,]" the circuit court was free to find such testimony not credible. Father's additional focus on in-kind support ignores that the circuit court's finding under factor (3) focused *only* upon Father's failure to provide financial support in weighing the factor against Father and in favor of termination.

And as to factor (4), the circuit court found that "[t]he evidence presented established that no additional services can be provided to the father that would allow the child to be reunified

10

with him within an ascertainable period of time." Father challenges this finding by referencing his argument under point 1, *supra*, that he received insufficient services from the Children's Division. As already discussed, however, that argument is without merit.

Beyond these arguments, Father concedes that the circuit court's findings under factors (1) ("[t]he emotional ties to the birth parent"), (2) ("[t]he extent to which the parent has maintained regular visitation or other contact with the child"), and (5) ("[t]he parent's disinterest in or lack of commitment to the child") are supported by the record and all *favor* termination. Section 211.447.7(1), (2) and (5). Critically, Father fails to then consider or analyze the facts supporting these findings, or any other facts supporting the grounds for termination, within the broader context of his best interest challenge.

Because of these material omissions and deficiencies, Father's point and supporting argument fail to demonstrate that the circuit court's best interest finding was clearly against the logic of the circumstances and was so arbitrary and unreasonable as to shock the conscience of the court and indicate a lack of careful consideration. Point 2 is denied.

## Decision

The circuit court's judgment is affirmed.

BECKY J.W. BORTHWICK. J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JACK A. L. GOODMAN, J. – CONCURS